IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MDI, INC., | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
|        v. | ) | Civil Action No. 3:08-cv-00188-JAS |
| | ) | |
| DRIVECAM, INC., | ) | |
| | ) | |
|        Defendant. | ) | |
| | ) | |

**DEFENDANT DRIVECAM, INC.'S ANSWER AND COUNTERCLAIM
TO PLAINTIFF MDI, INC.'S FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant DriveCam, Inc. ("DriveCam"), by and through its undersigned counsel, hereby presents its Answer and Counterclaim to Plaintiff MDI, Inc.'s ("MDI's") First Amended Complaint for Patent Infringement (the "Complaint").

## I. ANSWER

### Parties

1. DriveCam lacks knowledge or information sufficient to form a belief as to the truth of the allegations of (the first) paragraph 1 of the Complaint and therefore denies those allegations.

2. DriveCam admits that it is a corporation organized under the laws of the State of California. DriveCam admits that its registered agent for service of process is C T Corporation System, whose address is 818 West Seventh Street, Los Angeles, CA 90017. DriveCam denies the remaining allegations of (the first) paragraph 2 of the Complaint.

## Jurisdiction and Venue

3. DriveCam admits that the Complaint makes allegations of patent infringement in (the second) paragraph 1 of the Complaint. DriveCam denies that there has been any infringement and denies any remaining allegations of this paragraph.

4. DriveCam admits that this Court has subject matter jurisdiction but denies the remaining allegations of (the second) paragraph 2 of the Complaint.

5. DriveCam admits that venue lies properly in this judicial District and Division under the terms of 28 U.S.C. §§ 1391(b), 1391(c), and 1400. DriveCam denies the remaining allegations of paragraph 3 of the Complaint.

## Factual Allegations

6. DriveCam admits that the face of United States Patent No. RE37,709 (the "'709 Patent") indicates that a patent was reissued on May 21, 2002 to Randy R. Dudek. DriveCam denies that the '709 Patent was duly and legally reissued. DriveCam admits that a copy of the '709 Patent is attached to the Complaint as Exhibit A. DriveCam lacks sufficient information to admit or deny the remaining allegations of paragraph 4 of the Complaint and therefore denies those allegations.

7. DriveCam denies the allegations of paragraph 5 of the Complaint.

8. DriveCam denies the allegations of paragraph 6 of the Complaint.

9. DriveCam denies the allegations of paragraph 7 of the Complaint.

10. DriveCam denies the allegations of paragraph 8 of the Complaint.

## Count I

## Patent Infringement: 35 U.S.C. §§ 271 and 281

11. DriveCam herein incorporates all of its responses to the Complaint set forth in paragraphs 1-10 above.

12. DriveCam admits that the Complaint states a claim for patent infringement but denies that there has been any infringement and denies the remaining allegations of paragraph 10 of the Complaint.

13. DriveCam denies the allegations of paragraph 11 of the Complaint.

14. DriveCam denies the allegations of paragraph 12 of the Complaint.

15. DriveCam denies the allegations of paragraph 13 of the Complaint.

16. DriveCam denies the allegations of paragraph 14 of the Complaint.

17. Paragraph 15 of the Complaint is a demand for a jury trial and requires no response by DriveCam.

## Relief Sought By MDI

18. DriveCam denies any allegations in the Prayer section of the Complaint including without limitation that it infringes or has infringed, either directly or indirectly, any valid claim of the '709 Patent. DriveCam denies that MDI is entitled to any of the relief requested against DriveCam, including injunctive relief, actual damages, enhanced damages, attorneys' fees, costs, interest, or any other relief of any kind. MDI's prayer for judgment should be denied in its entirety and with prejudice, and MDI should take nothing.

## II. AFFIRMATIVE DEFENSES

### First Defense

19. DriveCam has not infringed, whether directly, willfully, contributorily, or by inducement, any valid claim of the '709 Patent.

### Second Defense

20. One or more claims of the '709 Patent are invalid because they fail to satisfy one or more conditions for patentability specified in Title 35 of the United States Code, such as 35 U.S.C. §§ 101, 102, 103, or 112.

### Third Defense

21. MDI's claims for past damages for infringement of the '709 Patent are barred by the equitable doctrine of laches.

### Fourth Defense

22. The Complaint fails to state a claim upon which relief can be granted.

### Fifth Defense

23. MDI is not entitled to obtain equitable injunctive relief against DriveCam because any injury allegedly sustained by MDI is neither immediate nor irreparable, and MDI therefore would have an adequate remedy at law.

## III. COUNTERCLAIMS

DriveCam, for its counterclaims against MDI, alleges as follows:

24. DriveCam repeats the allegations of paragraphs 1-23 above as though fully set forth herein.

**Parties**

25.  DriveCam is a corporation organized under the laws of the State of California, with its principal place of business at 8911 Balboa Avenue, San Diego, CA 92123.

26.  On information and belief, MDI is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 10226 San Pedro Avenue, Suite 200, San Antonio, Texas 78216.

**Jurisdiction and Venue**

27.  The counterclaims include claims for declaratory judgments of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331, 1332, 1338, and 2201.

28.  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

29.  This Court has personal jurisdiction over MDI by virtue of MDI's filing of the Complaint against DriveCam in this Court.

**Count One:**
**Declaratory Relief Regarding Non-Infringement**

30.  Based on the filing by MDI of this suit and DriveCam's defenses, an actual controversy has arisen and now exists between the parties as to the non-infringement of the '709 Patent.

31.  DriveCam has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim of the '709 Patent.

32.  DriveCam is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid claim of the '709 Patent, directly or indirectly.

**Count Two:**
**Declaratory Relief Regarding Invalidity**

33. Based on the filing by MDI of this suit and DriveCam's defenses, an actual controversy has arisen and now exists between the parties as to the non-infringement of the '709 Patent.

34. The claims of the '709 Patent are invalid for failure to comply with the provisions of the Patent Laws, 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

35. DriveCam is entitled to a declaratory judgment that the claims of the '709 Patent are invalid.

## IV. DEMAND FOR JURY TRIAL

DriveCam demands a jury trial for all issues deemed to be triable by a jury.

## V. PRAYER FOR RELIEF

WHEREFORE, DriveCam respectfully prays that this Court:

A. Dismiss the Complaint with prejudice in its entirety;

B. Adjudge, declare, and decree that DriveCam has not infringed, and is not infringing, any valid claim of the '709 Patent;

C. Adjudge, declare, and decree that DriveCam has not induced, and is not inducing, infringement of any valid claim of the '709 Patent;

D. Adjudge, declare, and decree that DriveCam has not contributed to, and is not contributing to, the infringement of any valid claim of the '709 Patent;

E. Adjudge, declare, and decree that DriveCam has not willfully infringed, and is not willfully infringing, any valid claim of the '709 Patent;

F. Adjudge, declare, and decree that the claims of the '709 Patent are invalid;

G.    Permanently enjoin MDI, its successors, and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '709 Patent against DriveCam or any parent, affiliate, or subsidiary of DriveCam, or its respective officers, agents, employees, successors, and assigns; and

H.    Award to DriveCam any relief to which DriveCam is entitled.

Dated: May 7, 2008                                            Respectfully submitted,

/s/ David G. Wille
David G. Wille
   State Bar No. 00785250
   E-mail: david.wille@bakerbotts.com
Barton E. Showalter
   State Bar No. 00788408
   E-mail: bart.showalter@bakerbotts.com
Matthew A. Hayenga
   State Bar No. 24036741
   E-mail: matt.hayenga@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
214.953.6500 – Voice
214.953.6503 – Facsimile

ATTORNEYS FOR DEFENDANT
DRIVECAM, INC.

**CERTIFICATE OF SERVICE**

  On May 7, 2008, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                 /s/ David G. Wille
                 David G. Wille